UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS CLIFFORD PAEZBOYD,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITAL, et. al.,<br><br>Defendants. | No. 2:25-cv-1690-DJC-CKD PS<br><br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff filed an application in support of his request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, so the motion to proceed in forma pauperis will be granted. Plaintiff's pro se complaint filed on June 17, 2025, is now before the court for screening. (ECF No. 1.)

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

1

1 immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3 Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
4 court accepts as true the factual allegations contained in the complaint, unless they are clearly
5 baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
6 See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
7 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

8 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
9 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
10 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
11 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678

12 Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th
13 Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell
14 the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at
15 all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.
17 Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

18 The federal courts are courts of limited jurisdiction, and a federal court has an independent
19 duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise
20 the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir.
21 2004).  The court must sua sponte dismiss the case if, at any time, it determines that it lacks
22 subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has
23 original jurisdiction over a civil action when: (1) a federal question is presented in an action
24 "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete
25 diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331,
26 1332(a).

27 **II.    THE COMPLAINT MUST BE DISMISSED**
28 Plaintiff has filed a complaint alleging "wrongful death," "medical malpractice," "acts of

negligence," "professional negligence," "violation of the fourteenth amendment," "survival action, "racial discrimination," "acted in bad faith," "failed to keep a Kaiser patient safe," "etc." (ECF No. 1.) Although the allegations are difficult to follow, it appears that plaintiff alleges that his wife's advance health care directives were not followed, and that the medical treatment caused her death. (Id. at 5.) Plaintiff requests that "Kaiser shall use best efforts to remedy promptly any unsatisfactory condition related to the care of member[s] and nonmembers and all patients." (Id. at 7-8.)

The only possible federal claim included in the complaint is plaintiff's inclusion of a "violation of fourteenth amendment" in his list of wrongs committed by Kaiser. (Id. at 2.) The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated people be treated alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Equal protection requirements restrict state legislative action that is inconsistent with bedrock constitutional guarantees, such as equality in treatment. See Obergefell v. Hodges, 576 U.S. 644, 673-74 (2015). An equal protection claim is established when a plaintiff shows he was treated differently than other similarly situated people on the basis of a suspect classification. City of Cleburne, 473 U.S. at 439-40. "The equal protection analysis under the California Constitution is 'substantially similar' to analysis under the federal Equal Protection Clause." Rui One Corp. v. City of Berkeley, 371 F.3d 1137, 1154 (9th Cir. 2004); Walgreen Co. v. City & County of San Francisco, 185 Cal.App.4th 424, 434 n. 7 (2010).

The complaint fails to give fair notice of any cognizable claims and the grounds on which they rest. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Here, the complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The complaint does not describe the specific conduct any defendant is alleged to have engaged in that violated plaintiff's rights. The complaint must be dismissed because it does not contain any factual content to allow the court to draw the reasonable inference that a defendant has violated plaintiff's rights. See McHenry v. Renne, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming

dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### III. PLAIN LANGUAGE SUMMARY FOR A PRO SE PARTY

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly explain what happened, why the court has jurisdiction over your complaint, and what remedy you are seeking.

### IV. CONCLUSION AND ORDER

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;
3. The Clerk's Office is directed to send plaintiff the civil form complaint used in this district;
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 24, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.1690.screen

4